# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WIGBERTO LUGO-MENDER, as the duty appointed Trustee in the liquidation of EURO PACIFIC INTERNATIONAL BANK, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**QENTA, INC.; PETER D. SCHIFF; BRENT DE JONG; ET AL.,**<br><br>Defendants.<br><br>**EURO PACIFIC FUNDS SCC LTD.; EURO PACIFIC SECURITIES, INC.; EURO PACIFIC CARD SERVICES LTD.; AND GLOBAL CORPORATE STAFFING LTD.**<br><br>Parties in Interest. | **CIVIL NO.**: 25-1501 (PAD) |

### RESPONSE IN OPPOSITION TO "MOTION TO HOLD IN ABEYANCE PENDING SETTLEMENT DISCUSSIONS"

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant Peter D. Schiff ("Schiff" or "Defendant"), through the undersigned counsel, and respectfully states and prays as follows:

1. On October 29, 2025, Wigberto Lugo-Mender, in his capacity as the duly appointed Trustee in the liquidation of Euro Pacific International Bank, Inc. (hereinafter "Trustee"), moved to hold all pending motions to dismiss in abeyance, citing ongoing settlement discussions primarily between the Trustee and Qenta, Inc. (*See* Docket No. 45.) The Trustee asserts that these negotiations may lead to a resolution that benefits customers of Euro Pacific International Bank and promotes judicial economy.

2. Mr. Schiff respectfully objects to the Trustee's request to indefinitely delay adjudication of his motion to dismiss.

3. First, it is inexplicable that the Trustee's counsel failed to disclose his intent to seek this relief prior to filing the motion, particularly given the numerous emails exchanged among counsel regarding the contents of yesterday's *Joint Informative Motion*. Requests of this nature, especially when prompted by allegedly ongoing settlement discussions, are customarily discussed in advance among the parties. The Trustee's unilateral filing not only disregards professional courtesy but undermines the collaborative spirit the Court sought to foster in ordering those discussions.

4. Second, Mr. Schiff has not engaged in any discussions aimed at resolving the claims asserted in the Verified Complaint, and no such discussions have been initiated with him.

5. Third, the only discussions Mr. Schiff is aware of pertain exclusively to the Court-ordered negotiations regarding provisional remedies. However, Mr. Schiff has not received any substantive information regarding the proposed resolutions, customer data, or asset locations, and therefore cannot be considered a participant in these negotiations. In fact, as reflected in the Trustee and Qenta Inc.'s ("Qenta") portion of the *Joint Informative Motion* (Docket No. 44), both the Trustee and Qenta are of the belief that Mr. Schiff lacks authority to speak for the bank's customers or act for the bank and, as such, need not be intimately involved in these discussions.[1]

6. Fourth, the allegations in the Verified Complaint are not only false and defamatory. they impute criminal conduct under the RICO statute, which carries uniquely stigmatizing implications. Courts have consistently recognized the severe reputational harm that flows from being publicly accused of racketeering activity. These accusations are not mere civil claims; they

---

[1] On this point, Mr. Schiff remains a shareholder of EPB—a fact that is not disputed. His involvement in the liquidation process, albeit limited, was always contemplated by the Office of the Commissioner for Financial Institutions of Puerto Rico and the Trustee. Most importantly, the Consent Order that serves as the first step in the liquidation process clearly provides that, following satisfaction of all liabilities, Mr. Schiff is entitled to any remaining funds. Most importantly, regarding Mr. Schiff's so-called lack of standing, there has been no final ruling on the merits on this matter.

suggest systemic fraud and criminal enterprise, and they cast a long, damaging shadow over Mr. Schiff's personal and professional reputation. It is untenable for such allegations to remain unresolved indefinitely. Mr. Schiff is entitled to a prompt adjudication of his motion to dismiss to prevent further harm and vindicate his rights.

7. Mr. Schiff cannot consent to his motion to dismiss being held in abeyance indefinitely pending the outcome of settlement discussions to which he is not privy. To do so would be procedurally improper and prejudicial, effectively denying him the opportunity to have the Trustee's false and defamatory claims adjudicated in a timely manner.

**WHEREFORE**, Defendant Peter D. Schiff respectfully requests that the Court DENY the Trustee's motion to hold his motion to dismiss in abeyance indefinitely and proceed with adjudication without further delay.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on this October 30, 2025.

**WE HEREBY CERTIFY**: Today we have electronically filed the foregoing document using the CM/ECF system which will send a copy and notification of filing to all counsel of record.

**DMR Law LLC**
Capital Center Bldg.
Suite 1101
San Juan, PR 00918
Tel. 787-331-9970

*s/Javier F. Micheo Marcial*
Javier F. Micheo Marcial
USDC-PR No. 305310
j.micheo@dmrpr.com